<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YESICA CASTRO VALENCIA, *also known as* *YESSICA CASTRO-VALENCIA*, Petitioner, v. RUBEN PEREZ, *et al* *in his official capacity as Field Office Director, Newark Field Office, Immigration and Customs Enforcement,* Respondents. | Civil Action No. 26-1695 (GC) <br><br> **<u>MEMORANDUM & ORDER</u>** |

**<u>CASTNER, District Judge</u>**

      **THIS MATTER** comes before the Court on the counseled petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Yesica Castro Valencia.[1] (ECF No. 1.) Petitioner also has filed an emergency motion for a temporary restraining order ("TRO"). (ECF No. 2 (Motion for TRO).)

      In her Motion for TRO, Petitioner requests an emergency TRO "enjoining Respondents from detaining her at her scheduled ice-check-in scheduled for **February 21, 2026 at 8:00 AM** at the Ice Newark Field Office, or at any time while this action is pending." (*Id.* at 2.) According to Petitioner, she has been on release on her own recognizance since November 11, 2022 (following service of a Notice to Appear dated November 10, 2022 charging removability under 8 U.S.C. §

---

[1]     Petitioner names as Respondents: Ruben Perez, Field Office Director, Newark Field Office, Immigration and Customs Enforcement ("ICE"); and Kristi Noem, Secretary, Department of Homeland Security. (ECF No. 1 at 2.)

1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General); she has fully complied with her ATD ("Alternatives to Detention") requirements (including in-person ICE check-ins at the Newark office) and has appeared at every immigration court hearing; she has no criminal history; and she has significant equities (*e.g.*, she is married to a U.S. Citizen spouse who has a filed a pending I-130 Petition on her behalf). (*Id.* at 2.) On "Friday February 19, 2026 [sic]," Petitioner received a short notice appointment to report to a deportation officer on February 21, 2026 at 8:00 a.m. (*Id.* at 4.) Petitioner alleges that "it is unknown but suspect" why ICE has "suddenly accelerated her reporting date and to a non-standard business day" and that her counsel has attempted but failed to obtain assurances that Petitioner will be permitted to return home following her appointment. (*Id.* at 4-5.) Petitioner claims that, based on ICE's recent practices, she faces imminent detention at the February 21, 2026 appointment. (*Id.* at 5.) Petitioner indicates that her alleged imminent detention will violate her due process rights because her consistent and continued compliance record demonstrates that she poses no flight risk or danger to the community and her detention would not serve a legitimate regulatory purpose. (*Id.* at 5-6 (further claiming that detention without individualized consideration of her circumstances, particularly her pending relief applications, raises substantial constitutional concerns).)

Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016) (citing *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 588 (W.D. Pa. 2009)). Such "[i]njunctive relief is an extraordinary remedy and should be granted

only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource, LLC*, 2016 WL 4150748, at *6 (citing *Trefelner*, 655 F. Supp. 2d at 588). A court may grant temporary restraints only if a party shows: (1) that she will likely succeed on the merits; (2) that she will suffer irreparable harm if the restraint is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011). "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff. Nonetheless, district courts should award preliminary injunctive relief only upon weighing all four factors." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994) (citations omitted).

"However, Petitioner fails to provide any legal support for [her] position that this Court can enjoin [her] speculative future detention," and "this Court cannot review the likelihood of success of [her due process claim], as that claim is not ripe for review." *Espinoza Sira v. Bondi*, No. 26-677, 2026 WL 353316, at *1 (D.N.J. Feb. 9, 2026). Courts enforce the case-or-controversy limitation of Article III of the United States Constitution through doctrines such as ripeness. *See id.* "At its core, ripeness works 'to determine whether a party has brought an action prematurely . . . and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Id.* at *2 (quoting *Plains All Am.*

*Pipeline, L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017)) (further noting that various concerns underpin ripeness doctrine such as whether parties are in a sufficiently adversarial posture, the facts are sufficiently developed, and whether a party is genuinely aggrieved). Applying this ripeness doctrine to the Motion for TRO, the Court finds Petitioner's claim that Petitioner's future detention will violate her due process rights is premature because the particular circumstances of any future detention as well as the "authority Respondents may use to detain Petitioner and whether [she] may be held under mandatory detention [are] purely speculative." *Id.* "The facts of this claim are not 'sufficiently developed' because Petitioner has not been detained." *Id.*

Furthermore, the Court finds that Petitioner has not established a likelihood of success on the merits because she does not address the potential threshold question of whether the Court has jurisdiction under the Immigration and Nationality Act to enjoin Petitioner's allegedly imminent detention. *See Khalil v. President, U.S.*, 164 F.4th 259, 277 (3d Cir. 2026) ("The plurality strongly suggested that [8 U.S.C.] § 1252(b)(9) *would* strip jurisdiction over claims with closer connections, like "challeng[es] [to] the decision to detain them in the first place." (alterations in original) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality of Alito, J.)).

This Court has screened the Petition for dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, and has determined that dismissal without an expedited answer and production of the record is not warranted.

**IT IS**, therefore, on this 20th day of February, 2026, **ORDERED** as follows:

**ORDERED** Petitioner's Motion for TRO (ECF No. 2) is **DENIED without prejudice**; and it is further

4

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at ECF No. 2; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-3), the Motion for TRO (ECF No. 2), the attachments to the Motion for TRO (ECF Nos. 2-1 & 2-2), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-3), the Motion for TRO (ECF No. 2), the attachments to the Motion for TRO (ECF Nos. 2-1 & 2-2), and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Memorandum and Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge